IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:22-cv-184

| | |
|---|---|
| SMITHFIELD FRESH MEATS CORP., as Successor in Interest to SMITHFIELD PACKING COMPANY, INCORPORATED, | ) ) ) ) ) |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) ) ) |
| DYCOS SERVICES, INC., | ) ) |
| Defendant. | ) |

Plaintiff Smithfield Fresh Meats Corp., as successor in interest to Smithfield Packing Company, Incorporated, by and through its undersigned counsel, complaining of Defendant Dycos Services, Inc., alleges and states as follows:

## THE PARTIES

1. Plaintiff Smithfield Fresh Meats Corp., as successor in interest to Smithfield Packing Company, Incorporated ("Smithfield"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 200 Commerce Street, Smithfield, Virginia 23430. Smithfield is engaged in the business of processing pork products at its plant located in Tar Heel, North Carolina.

2. Upon information and belief, Defendant Dycos Services, Inc. ("Dycos) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 3014 White Horse Road, Greenville, South Carolina

29611. Dycos is engaged in the business of, among other things, providing janitorial and cleaning services to industrial plants and other businesses.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this is an action between citizens of different states.

4. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

5. Smithfield has met and otherwise fulfilled all conditions precedent to the filing of this action and the recovery of all claims and compensation alleged herein.

## FACTS AND BACKGROUND

### A. The Contract

6. On or about November 18, 2013, Smithfield and Dycos entered into a written contract ("the Contract") for Dycos to provide certain janitorial and other cleaning services for Smithfield's plant located in Tar Heel, Bladen County, North Carolina ("the Tar Heel Plant"). A true and accurate copy of the Contract is attached hereto as Exhibit A.

7. The effective date of the Contract was November 25, 2013 and provided for an automatic renewal thereafter on a year to year basis. At all times alleged herein, the Contract was in full force and effect.

8. Pursuant to the terms of the Contract, Dycos agreed to indemnify Smithfield as follows:

> Dycos Services, Inc. shall indemnify and hold harmless Smithfield, and its Officers, directors, employees, agents and representatives, together with their successors and assigns, against any loss, liability, damage or claim (including reasonable attorney's fees and other expenses) that arises from or is related to (a) breach of any representation, warranty, agreement or covenant contained in this Agreement by Dycos Services, Inc. or any of its officers, directors, employees, agents or representatives, or (b) the negligence or misconduct of Dycos Services, Inc. or any of its officers, directors, employees, agents or representatives. The obligations of this provision shall survive termination and/or expiration of the Agreement.

*See* Contract, p. 6, Paragraph Q.

**B.     The Shooting**

9. At all times alleged herein, JaQuante Hakeem Williams ("Williams") was an employee of Dycos who worked at the Tar Heel Plant. Williams was employed as a general laborer for Dycos and his working hours were typically from 10:00 p.m. to 5:00 a.m.

10. At all times alleged herein, Anthony Ratley ("Ratley") was an employee of Smithfield who worked at the Tar Heel Plant.

11. At all times alleged herein, Marleni Simiona Gonzalez Velazquez ("Velazquez") was an employee of Smithfield who worked at the Tar Heel Plant.

12. At all times alleged herein, Dailey Rivera ("Rivera") was an employee of Smithfield who worked at the Tar Heel Plant.

13. On November 21, 2019, at approximately 12:14 a.m., while inside the Tar Heel Plant, Williams pulled out a handgun and fired several shots at Ratley. Ratley was struck six (6) times. One of the bullets fired by Williams also struck Velazquez ("the shooting").

14. Following the shooting, Ratley was transported to UNC Hospital in Chapel Hill for emergency surgery. Ratley was left a paraplegic as a result of injuries suffered from the shooting.

15. Following the shooting, Velazquez was transported to New Hanover Regional Medical Center for injuries sustained in the shooting.

16. As the Tar Heel Plant was being evacuated after the shooting, Rivera fell and suffered injuries in her effort to flee the Tar Heel Plant.

17. As a result of the shooting described herein, Smithfield incurred substantial costs in the payment of group health insurance payments, short-term disability payments, workers' compensation payments, legal fees, losses due to business interruption and other expenses.

18. On July 13, 2022, Smithfield made written demand upon Dycos to honor its obligations under the Contract by reimbursing Smithfield those costs and expenses which Smithfield has incurred as a result of the shooting. Despite said written demand, Dycos refused and continues to refuse to indemnify Smithfield for those costs and expenses incurred as a result of the shooting.

4

## FIRST CLAIM FOR RELIEF
### (Breach of Contract - Indemnity)

19. Smithfield realleges and incorporates by reference the above paragraphs as if fully set forth herein.

20. The Contract requires Dycos to indemnify Smithfield for any losses, costs or expenses incurred by Smithfield as a result of the shooting. To date, despite Smithfield's demands, Dycos has refused to comply with its indemnity obligations under the Contract to reimburse Smithfield for all amounts paid as a result of the shooting.

21. Dycos, by refusing to indemnify Smithfield, has materially breached the Contract. Smithfield will also incur additional losses and costs arising from the shooting.

22. As a result of Dycos' breach of the Contract, Smithfield has incurred damages in an amount in excess of $75,000, said amount to be proven at the trial of this action.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

23. Smithfield realleges and incorporates by reference the above paragraphs as if fully set forth herein.

24. Dycos breached the Contract by failing and refusing to indemnify Smithfield for all costs and expenses incurred to date arising from the shooting.

25. An actual controversy exists between Smithfield and Dycos regarding Smithfield's right to indemnification under the Contract.

26. Smithfield desires a declaration that: (i) Dycos is in breach of its indemnity obligations under the Contract; and (ii) Dycos is obligated to reimburse Smithfield for all

costs, expenses and attorneys' fees which Smithfield has incurred and will incur in the future as a result of the shooting.

WHEREFORE, Smithfield respectfully prays the Court as follows:

1. Smithfield have and recover from Dycos an amount in excess of $75,000 as a result of Dycos' breach of the Contract;

2. The Court enter a judgment declaring that: (a) Dycos is in breach of its indemnity obligations under the Contract; and (b) Dycos is obligated to reimburse Smithfield for all costs, expenses and attorneys' fees which Smithfield has incurred and will incur in the future as a result of the shooting;

3. Smithfield have and recover its attorneys' fees incurred in prosecuting this action;

4. The Court award pre-judgment and post-judgment interest on Smithfield's damages at the legal rate;

5. The costs of this action be taxed against Dycos; and

6. For such other and further relief as this Court deems just and proper.

*[The remainder of this page intentionally left blank.]*

This, the 27th day of October, 2022.

                        LEWIS & ROBERTS, PLLC

                        By: */s/ James A. Roberts, III*
                        James A. Roberts, III
                        N.C. State Bar No. 10495
                        jar@lewis-roberts.com
                        Matthew D. Quinn
                        N.C. State Bar No. 40004
                        mdq@lewis-roberts.com
                        3700 Glenwood Avenue, Suite 410 (27612)
                        P. O. Box 17529
                        Raleigh, North Carolina 27619-7529
                        Tel:   (919) 981-0191
                        Fax:  (919) 981-0199

                        *Counsel for Plaintiff Smithfield Fresh Meats Corp.*